**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EARLENE POLYAK,**

      **Plaintiff,**          **CIVIL ACTION NO. 08-CV-14906-DT**

vs.

                                  **DISTRICT JUDGE PAUL D. BORMAN**

**TENNESSEE ATTORNEY**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**GENERAL, et al.,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:**    The Motions to Dismiss filed by Defendants Wayne Hulen, Eloise Hulen, Murry Lesnansky, Gail Lesnansky, Molly Hulen, Roger Lesnansky, Vicky Lesnansky, Kyle Hulen, Patricia Hulen, Estate of Wilma Lesnansky, Larry Joe Riddle, Deborah Hulen Riddle, Frank Hulen Estate, Dora Lee Hulen Estate, Glenn Hulen (deceased), Van G. Hulen, Nancy Hulen, Robert Woods, Joyce Hulen Woods, Monte Helton, and Janice Hulen Helton (docket nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14) should be **GRANTED.**

**II.    REPORT:**

This matter comes before the Court on the Motions to Dismiss filed by Defendants Wayne Hulen, Eloise Hulen, Murry Lesnansky, Gail Lesnansky, Molly Hulen, Roger Lesnansky, Vicky Lesnansky, Kyle Hulen, Patricia Hulen, Estate of Wilma Lesnansky, Larry Joe Riddle, Deborah Hulen Riddle, Frank Hulen Estate, Dora Lee Hulen Estate, Glenn Hulen (deceased), Van G. Hulen, Nancy Hulen, Robert Woods, Joyce Hulen Woods, Monte Helton, and Janice Hulen Helton (docket nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14). Plaintiff has responded. (Docket no. 60). These

motions have been referred to the undersigned for a Report and Recommendation. (Docket no. 35). The Court dispenses with oral argument on these motions. E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

### A.     Facts and Claims

Plaintiff complains about the disposition of property located in Tennessee known as the Rena Hulen estate. (Docket no. 1). Plaintiff names as Defendants the Attorney General of Tennessee and 19 other Defendants many of whom are relatives with some connection to the Rena Hulen estate. (*Id.*). Plaintiff recounts the history of the property back to the time when Earl Hulen came to Tennessee by covered wagon and bought the property. (*Id.*). Plaintiff has engaged in a substantial amount of litigation over this property through the years. (*Id.*). Plaintiff resides in Michigan and in Florida during the winter months. (*Id.*). The Defendants reside in Tennessee or in other southern states but none reside in Michigan according to Plaintiff's Complaint. (*Id.*). The only connection to Michigan is Plaintiff's residence. (*Id.*). Plaintiff seeks as relief a jury trial "for inherited right to partition in kind, and investment, and interest, accrued interest, without disregard of unjust sale for enrichment in planned sale at public auction, and clear deed, title, to house and ten acres, and undisturbed possession of Rena Hulen Estate." (*Id.* at 17). Plaintiff also demands $250,000. (*Id.* at 18).

Defendants have filed Motions to Dismiss which are based on the same arguments under Fed. R. Civ. P. 12(b)(2) and (3). They contend that this Court lacks personal jurisdiction over them and that the venue for this action is improper because they have no contacts with the State of Michigan and the property at issue is not located in Michigan. (Docket nos. 2-14).

**B.     Standard**

Plaintiff bears the burden of establishing the existence of jurisdiction when faced with a Rule 12(b)(2) motion to dismiss. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). When no hearing is held on the issue and no discovery is allowed, the plaintiff must make a prima facie showing that personal jurisdiction exists in order to defeat dismissal. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The relevant criteria are whether the defendant has purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state; whether the cause of action arises out of the defendant's actions in the forum state; and whether the acts of the defendant or the consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 150 (6th Cir. 1997).

**C.     Analysis**

**1.     Lack of Personal Jurisdiction**

Plaintiff's Complaint fails to state any facts showing that any Defendant has the required minimum contacts with Michigan. (Docket no. 1). In addition, Plaintiff responds to the Defendants' Motions to Dismiss but fails to allege any contacts that the Defendants have with Michigan. (Docket no. 60). This Court may not therefore exercise personal jurisdiction over any of the moving

Defendants. *See International Shoe*, 326 U.S. at 316; *Kerry Steel*, 106 F.3d at 150. The Defendants' Motions to Dismiss under Rule 12(b)(2) should be granted.

### 2. Improper Venue

The property at issue in this action is located in Tennessee. There is no connection to the State of Michigan or this district except that Plaintiff resides in the state for a part of the year. (Docket no. 1). Venue is therefore not proper in this district under 28 U.S.C. § 1391. No defendant resides in this judicial district. A substantial part of the events at issue did not occur in this district, and the property at issue is not located in this district. Finally, no Defendant is subject to personal jurisdiction of this Court. Accordingly, venue is not proper in this district, and dismissal is required under Fed. R. Civ. P. 12(b)(3).

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 05, 2009    s/ Mona K. Majzoub
                       MONA K. MAJZOUB
                       UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon the parties and/or their counsel on this date.

Dated: May 05, 2009    s/ Lisa C. Bartlett
                       Courtroom Deputy